Hxman, C. J.
This suit was brought by the curator of the Succession of Harriet King, deceased, to have a partition made between her succession and Richard Featherston, and Junius Amis, of certain immovable property in the parish of Madison, and to recover a part of the revenues thereof.
Plaintiff claimed that her succession was part owner of the property, and was entitled to a part of its revenues, because it was acquired by Thompson L. King, while a community of acquets and gains existed between him and the deceased, the result of their marriage.
*509 ■ After suit was brought, the heirs of the deceased Mrs. King were made parties, and the suit was also revived against Henrietta Amis, as widow in - community of Junius Amis, deceased, and as tutrix of his minor children, who called in warranty Samuel F. Butterworth.
Judgment was rendered on the 26th day of October, 1860, ordering that a partition of the property be made between plaintiff and defendants, decreeing that plaintiffs were part owners thereof, condemning defendants to pay part of its revenues to plaintiff, and rejecting the call in warranty against Butterworth.
From this judgment Mrs. Amis has appealed.
The evidence shows that Thompson L. King acquired, by purchase, during his marriage with Harriet King, an interest in the property in controversy, and that previous to the dissolution of the marriage he formed a contract of partnership with John E. Hunter, styled Hunter & King, put the property therein as stock of the partnership, and stipulated that the partnership should continue until the death of one of the partners.
After the dissolution of the marriage, by the death of Mrs. King, the partnership contracted debts, on which judgments were obtained against the partnership, and the property was sold to Collier, while the partnership existed, under executions issued to enforce the judgment.
Collier’s right in the property was sold under executions to Featherston and Amis, and before the institution of the suit Featherston had sold his right therein, and by various transfers Junius Amis acquired whatever right Collier had in it, by the sale to him above mentioned.
Plaintiffs contend, that as there existed a community of acquets and gains between Thompson L. King and Harriet King; during their marriage, and as the property was acquired by purchase by T. L. King during the marriage, it became property in common between him and her suc- ' cesión, on the dissolution of the marriage by her death.
. = This position would be correct if T. L. King had not, while the marriage lasted, imposed an encumbrance on the property.
T. >L. King was the head and master of the community of acquets and gains;''and had the right to put the acquets and gains as stock in the partnership. See Civil Code, Art. 2373.
By his so doing, it became partnership property, and specially liable for the debts of the partnership, and a forced sale thereof to pay partnership debts divested whatever title the partnership or community had in the same.
■ The plaintiffs inherited the property, subject to the encumbrance put' upon it by T. L. King.
It is ordered, adjudged and decreed, that the part of the judgment rejecting the call in warranty, be affirmed; it is further decreed, that the judgment of the District Court be, in every other respect, annulled, avoided and reversed; it is further decreed, that there be judgment in favor of the defendants, and against the plaintiffs. Plaintiffs to pay-costs.